UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARVEY LAPIN

                Plaintiff,

-v-

GOLDMAN SACHS & CO., *et al.*,

                Defendants.

No. 04 Civ. 2236 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

      Before the Court is Defendants' letter, dated October 7, 2008 ("Letter"), requesting a pre-motion conference to address the implications of *In re Salomon Analyst Metromedia Litigation*, No. 06-3225-CV, 2008 WL 4426412 (2d Cir. Sep. 30, 2008) (*"Salomon"*) on this Court's September 15, 2008 Memorandum and Order ("Order") granting class certification in the above-captioned case ("*Lapin*").

      *Salomon* addressed whether the *Basic* fraud-on-the-market presumption should apply to misleading statements by research analysts. Responding to the argument "that the *Basic* presumption should be limited to suits involving misrepresentations made by issuers," *Salomon* at \*6, the Second Circuit explicitly rejected: (1) the adoption of a bright-line rule that would bar application of the *Basic* presumption to a suit alleging misrepresentations by research analysts, *see id.* at \*6-7, and (2) the argument that plaintiffs must make a heightened showing in a suit against research analysts to warrant the *Basic* presumption, *see id.* at \*7-9. In short, *Salomon* held that the *Basic* analysis for research analysts is identical to the analysis for misleading statements by issuers, and thus supports this Court's Order in *Lapin*, which applied the standard *Basic* analysis. *See* Order at 11-19.

Defendants' Letter appears to rely on the fourth section of the *Salomon* decision, entitled "Remand," which examines a question inapposite to this Court's Order in *Lapin*. In the recent case of *In re Initial Public Offering Securities Litigation*, 471 F.3d 24 (2d Cir. 2006) ("*IPO*"), the Second Circuit held that "a district judge may certify a class only after making determinations that each of the Rule 23 requirements has been met" and that "such determinations can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established . . . ." *Id.* at 41. However, in *Salomon*, the district court judge — writing *before IPO* was decided — reviewed the motion for class certification under the now-defunct "some showing" standard from *Caridad v. Metro-North Commuter R.R.*, 191 F.3d 283, 292 (2d Cir. 1999). The Second Circuit in *Salomon* inquired as to whether these "now-incorrect statements of the applicable legal standards require reversal." *Id.* at *9. Since under the "some showing" standard, the district court judge did not consider the defendants' rebuttal argument prior to class certification, the Second Circuit remanded the case. *Id.* at *10-11.

Defendants, quoting the language of *Salomon* in their Letter, fail to note the context of this aspect of the *Salomon* decision. Defendants write that "the Second Circuit acknowledged that as a result of 'conflicting statements in our [Second Circuit] case law, . . . defendants could not have been expected to have known at that stage of the proceedings that (1) they were entitled to a full rebuttal [of the *Basic* presumption] as a matter of law, and (2) . . . they bore the burden of showing that market price was not affected.'" Defendants' Letter at 2 (quoting *Salomon* at 10) (alterations in Defendants' Letter). Extrapolating from this language, Defendants argue that they have not "been afforded a hearing (to which the Second Circuit has held it is entitled) to

2

attempt to rebut the *Basic* presumption by demonstrating that the market price of Goldman Sachs stock was not impacted by the alleged misstatements." *Id.*

The Court finds Defendants' arguments to be void of any merit. First, Defendants *were already afforded* an opportunity to fully rebut the *Basic* presumption. In *Salomon*, the district court judge held that he could not consider defendants' rebuttal argument prior to class certification. *Salomon* at *10. However, following *IPO*, and in contrast to the district court in *Salomon*, this Court *did* consider Defendants' rebuttal arguments prior to class certification. *See* Order at 13-16 (considering public statements and legal arguments put forward by Defendants).

Second, as already noted, *IPO* resolved the "conflicting statements" in the case law referred to by the Second Circuit, and in the *Lapin* Order, this Court articulated and applied the new *IPO* standard. *See* Order at 2-3. Thus, unlike the defendants in *Salomon*, who could not have been expected to foresee the Second Circuit's pronouncements in *IPO*, the Defendants here were well aware of the newly articulated standard. Defendants appear to allege that *Salomon* alters the standard set by *IPO*, by citing to a footnote in *Salomon* that clarifies the analysis a court should conduct in reviewing motions for class certifications (again, correcting a district court opinion issued before *IPO* was decided). The footnote, in part, reads: "[W]e hold that plaintiffs must show that the statement is material (a prima facie showing will not suffice). However, once that is done, the burden shifts to the defense to show that the allegedly false or misleading material statements did not measurably impact the market price of the security." *Salomon* at *11 n.9.

Following *IPO*, this was essentially the analysis conducted by this Court in the *Lapin* Order. As this Court wrote: "Thus, while Plaintiff bears the burden of establishing that the requirements of Rule 23 have been met based on the facts contained in the SAC, under *In re*

3

*IPO*, the Court should not accept those facts as true *if* they are contested. Rather, the Court must resolve disputed issues of fact that go to the merits of the claim to the extent they are relevant to the Rule 23 determination." Order at 3. This analysis is fundamentally harmonious with the *Salomon* footnote — finding that the burden is on the plaintiff, and if the defendants contests the facts, the Court must engage in fact finding.

In sum, the Court finds that Defendants have misread *Salomon*. Rather than substantively changing the law, *Salomon* holds that the same *Basic* presumption applies to misleading statements by both issuers and research analysts, and orders remand where the district court opinion is issued under the old, no longer applicable, "some showing" standard.

Therefore, it is HEREBY ORDERED that Defendants' request for a pre-motion conference is DENIED. Further, the parties shall appear for a status conference on October 29, 2008 at 5:00 PM in Courtroom 21C, United States District Court, 500 Pearl Street, New York, New York.

SO ORDERED.

Dated:     October 15, 2008
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

4