UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/4/09

HARVEY LAPIN

                      Plaintiff,

-v-

GOLDMAN SACHS & CO., *et al.*,

                      Defendants.

No. 04 Civ. 2236 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

      Before the Court is Defendants' letter, dated February 2, 2009 ("Letter"), providing the Court with the Second Circuit's recent decision in *ECA v. JP Morgan Chase Co*, 2009 WL 129911 (2d Cir. Jan 21, 2009) ("*ECA*"), which Defendants "believe merits careful consideration in connection with this Court's prior rulings relating to class certification, as well as the continued viability of this action." (Letter at 1.) This is the third such letter sent to the Court by Defendants. The Court first received a letter from Defendants dated October 7, 2008, requesting a pre-motion conference to address the implications of *In re Salomon Analyst Metromedia Litigation*, 2008 WL 4426412 (2d Cir. Sep. 30, 2008). The Court next received a letter from Defendants dated October 15, 2008, requesting a pre-motion conference to address the implications of a second recent Second Circuit case, *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, 2008 WL 4554156 (2d Cir. Oct. 14, 2008). In response to these letters, the Court issued Orders rejecting Defendants' requests for pre-motion conferences. (*See* Doc. Nos. 71, 72.)

      In Defendants' most recent Letter, providing the Court with yet another Second Circuit case, Defendants ask the Court to reconsider "the Court's prior rulings with respect to the

materiality of the alleged misstatements at issue in this case denying Goldman Sachs' original motion to dismiss as well [sic] in certifying a class." (Letter at 2.) In support of this request, Defendants cite *ECA* for the unremarkable proposition that "puffery" does not give rise to securities law violations. *ECA*, 2008 WL 129911, at *12-13. This is true as a matter of black letter law and has been for more than a decade. *See, e.g., Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1129-30 (2d Cir. 1994); *see also Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004). Unfortunately for Defendants, Judge Karas has already considered and rejected Defendants' argument that the alleged misstatements in this case are not actionable "puffery." *See Lapin v. Goldman Sachs Group, Inc.*, 506 F. Supp. 2d 221, 239-241 (S.D.N.Y. 2006) (finding that "Plaintiff has plead sufficient facts to show Defendants' statements, characterized by Defendants as mere corporate mismanagement, puffery, or opinion, are indeed actionable"). In light of this fact, the Court sees no reason to reconsider Judge Karas's prior holding on this point, especially given that the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). As Defendants fail to point to such "controlling decisions or data," the Court denies Defendants' request to "revisit" its prior rulings in this case.

SO ORDERED.

Dated:   February 4, 2009
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

2