```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
HARVEY A. LAPIN, Individually, and On
Behalf of All Others Similarly Situated,

                              Plaintiff,     04 Civ. 2236(RJS)(DFE)
                                             This is not an ECF case
          - against -
                                             MEMORANDUM AND ORDER
GOLDMAN, SACHS & CO., et al.,

                              Defendants.
---------------------------------------x
```

DOUGLAS F. EATON, United States Magistrate Judge.

    I turn first to a joint letter to me dated October 7, 2009. Plaintiff contends that Goldman Sachs made improper responses to certain of Plaintiff's Requests for Admission. I disagree, with the following exceptions.

    Request 6UU says, in its second sentence: "At the time, Steel was actually or apparently authorized by Goldman Sachs to make the statement, or made the statement within the scope of his employment during the existence of that employment." In response, Goldman Sachs objected to this sentence on the grounds that it calls for a legal conclusion, but admitted that, at the time he made the statement, Robert Steel was employed by Goldman Sachs. I find that the portion about the scope of employment calls for a simple "application of law to fact" as permitted by Rule 36(a)(1)(A), F.R.Civ.P. I hereby revise this Request by narrowing its second sentence to read: "At the time, Steel made the statement within the scope of his employment by Goldman Sachs during the existence of that employment." I direct Goldman Sachs to serve, by November 5, 2009, an amended response that either admits or denies Request 6UU as so revised.

    Request 6VV says, in its second sentence: "At the time, Noto was actually or apparently authorized by Goldman Sachs to make the statement, or made the statement within the scope of his employment during the existence of that employment." In response, Goldman Sachs objected to this sentence on the grounds that it calls for a legal conclusion, but admitted that, at the time he made the statement, Anthony Noto was employed by Goldman Sachs. I find that the portion about the scope of employment calls for a simple "application of law to fact" as permitted by

DATE SCANNED 1/22/09

Rule 36(a)(1)(A), F.R.Civ.P. I hereby revise this Request by narrowing its second sentence to read: "At the time, Noto made the statement within the scope of his employment by Goldman Sachs during the existence of that employment." I direct Goldman Sachs to serve, by November 5, 2009, an amended response that either admits or denies Request 6VV as so revised.

On the other hand, I decline to permit Plaintiff to revise Requests 6Q, 10(a), 10(b), or 10(c). Plaintiff proposes to narrow the breadth of the phrase "research report," but the other wording of these four Requests is too convoluted and imprecise to justify permission to revise after the close of fact discovery.

Next, I turn to a joint letter to me dated October 15, 2009, which concerns Goldman Sachs's Requests for Admission. I direct Plaintiff to serve, by November 23, 2009, an amended response that either admits or denies Requests 10, 12, 50, and 74-125. As to certain other Requests, Goldman Sachs contends that Plaintiff made improper responses. I disagree.

_____
DOUGLAS F. EATON
United States Magistrate Judge

Dated:   New York, New York
         October 22, 2009

Copies of this Memorandum and Order are being sent by fax and mail to:

Ira M. Press, Esq.
Andrew M. McNeela, Esq.
Kirby McInerney & Squire, LLP
825 Third Avenue, 16th Floor
New York, New York 10022
(also by fax to 212-751-2540 fax)

Lionel Z. Glancy, Esq.
Peter A. Binkow, Esq.
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
(also by fax to 310-201-9160 fax)

Gandolfo V. DiBlasi, Esq.
Stephanie G. Wheeler, Esq.
Sullivan & Cromwell LLP

125 Broad Street
New York, New York 10004-2498
(also by fax to 212-558-3588 fax)

Hon. Richard J. Sullivan