UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HARVEY A. LAPIN, Individually, and On Behalf of All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>-against-<br><br>GOLDMAN, SACHS & CO., and GOLDMAN SACHS GROUP, INC.,<br><br>                      Defendants. | 04 Civ. 02236 (RJS) |

ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING
FOR NOTICE OF PROPOSED SETTLEMENT

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/10

WHEREAS, a class action is pending before the Court entitled *Lapin v Goldman, Sachs & Co., et al.*, Civil Action No. 04-CV-02236, United States District Court for the Southern District of New York (Hon. Richard J. Sullivan) (the "Action");

WHEREAS, the Court has received the Settlement Agreement and Release dated as of July 12, 2010 (the "Settlement Agreement")[1], which has been entered into by the Lead Plaintiff and the Defendants, and the Court has reviewed the Settlement Agreement and the Exhibits annexed thereto;

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with the Settlement Agreement which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Agreement and the Exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.  The Court does hereby preliminarily approve the Settlement Agreement and the Settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2.  The Court finds that: (a) the Settlement Agreement resulted from arm's-length negotiations; and (b) the Settlement Agreement is sufficiently fair, reasonable and adequate as to

---

[1] For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement, and the terms used herein shall have the same meaning as in the Settlement Agreement.

the Class Members to warrant providing notice of the Settlement to Class Members and holding a Settlement Hearing.

3. The Settlement Hearing shall be held before this Court on December 15, 2010, at 4:30 p.m., to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate to the Class and should be approved by the Court; whether a Judgment as provided in the Settlement Agreement should be entered herein; whether the proposed Plan of Allocation should be approved; whether to approve Lead Plaintiff's application for his reasonable costs and expenses (including lost wages) directly relating to his representation of the Class; and to determine the amount of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Class.

4. By Order dated September 15, 2008, the Court previously certified this Action as a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, consisting of a Class of all Persons or entities that purchased GS Group common stock on the open market between July 1, 1999 and May 7, 2002 and were purportedly damaged thereby. Excluded from the Class are Defendants herein, the officers and directors of Defendants, members of their immediate families, and the heirs, successors or assigns of any of the foregoing. There has been no prior notice to Class Members of the certification of the Class in this Action or prior opportunity for any Person or entity to request to be excluded from the Class.

5. The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice ("Summary Notice") annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and

distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23 and Due Process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.  Pending final determination by the Court as to whether the Settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate and should be finally approved and whether the Judgment dismissing the Action with prejudice should be approved, no Class Member, either directly, representatively or in any other capacity, shall assert, commence or prosecute against any of the Defendants or their Related Parties any of the Released Claims in this Action, or in any other proceeding or forum.  This injunction is necessary to protect and effectuate the Settlement, this Order, and the Court's flexibility and authority to effectuate the Settlement and to enter judgment when appropriate, and is ordered in aid of the Court's jurisdiction and to protect its judgments.

7.  The Court appoints The Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)  Not later than twenty (20) business days after the date of this Order (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

(b)  Not later than thirty (30) business days after the date of this Order, the Claims Administrator shall cause the Summary Notice to be published once in The Wall Street Journal, and on a different day shall cause the Summary Notice to be published once in PR

Newswire;

       (c)      Not later than twenty (20) business days after the date of this Order, the Claims Administrator shall cause the Settlement Agreement and its Exhibits and a copy of the Notice to be posted on the following website: www.GardenCityGroup.com; and

       (d)      Not later than seventy (70) days after the date of this Order, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing and posting.

       8.      Nominees who purchased or acquired The Goldman Sachs Group, Inc. ("GS Group") common stock between July 1, 1999 and May 7, 2002, shall send the Notice and the Proof of Claim to all beneficial owners of such GS Group common stock within twenty (20) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within twenty (20) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing the Notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice, subject to further order of this Court with respect to any dispute concerning such compensation.

       9.      Any Person falling within the definition of the Class may, upon request, be excluded from the Class. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than twenty-one (21) days prior to the Settlement Hearing. A Request for Exclusion must state (a) the name, address, and telephone number of the Person requesting exclusion; (b) each of the Person's purchases and sales of GS

Group common stock made during the Class Period, including the dates of purchase or sale, the number of shares purchased and/or sold, and the price paid or received per share for each such purchase or sale; and (c) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or the Judgment entered in this Action.

10. All Members of the Class (other than those Persons or entities who shall timely and validly request exclusion from the Class) shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

11. Class Members (other than those Persons or entities who shall timely and validly request exclusion from the Class) who wish to collect in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than one hundred twenty (120) days from the Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court.

12. Any Member of the Class may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, Lead Counsel will represent them.

13. Any Member of the Class (other than those Persons or entities who shall timely and validly request exclusion from the Class) may appear and show cause, if he, she or it has any reason, why the proposed Settlement of the Action should or should not be approved as fair, reasonable and adequate, why a Judgment should or should not be entered thereon, why the Plan

of Allocation should or should not be approved, or why attorneys' fees and reimbursement of expenses should or should not be awarded to Lead Counsel or Lead Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, the expenses to be reimbursed to Lead Plaintiff, or the attorneys' fees and expenses to be awarded to Lead Counsel, unless that Person has filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of New York, no later than twenty-one (21) days prior to the Settlement Hearing and delivered copies of any such papers to counsel identified in the Notice, such that they are received on or before such date. Any Member of the Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any such objection, unless otherwise ordered by the Court.

14. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement or further order(s) of the Court.

15. All papers in support of the Settlement, the Plan of Allocation, Lead Plaintiff's application for reimbursement of expenses, and the application for attorneys' fees or expenses, shall be filed and served not later than thirty-five (35) days prior to the Settlement Hearing. Any papers in further support of the Settlement, the Plan of Allocation, Lead Plaintiff's application for reimbursement of expenses, and the application for attorneys' fees or expenses, shall be filed and served no later than ten (10) days prior to the Settlement Hearing.

16. Neither the Defendants nor their Related Parties shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

17. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or expenses, and reimbursement of Lead Plaintiff's reasonable costs and expenses, shall be approved.

18. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Settlement Agreement. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund.

19. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.

20. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Order shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and Releases delivered in

connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

21. Pending the Settlement Hearing, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

22. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Class.

DATED: 8/17/10

The Honorable Richard J. Sullivan
United States District Judge